## UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>Senior District Judge<br>————<br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

<u>NOT FOR PUBLICATION</u>

<u>LETTER ORDER</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

March 30, 2009

**Appearances:**

George S. Leone
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102-2535

Jose Victor Pellot (Pro Se)
#27040-037
D
Federal Correctional Institution Low
P.O. Box 779800
Miami, FL 33177-0200

Re: <u>United States v. Jose Victor Pellot</u>; Crim. No. 98-221 (WHW)
    Defendant Pellot's Motion for Return of Personal Property

Dear Litigants:

Defendant moves for return of his property pursuant to Rule 41(g). The motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

On December 17, 1999 defendant Jose Victor Pellot was found guilty of one count of Conspiracy to Distribute Narcotics. This Court sentenced defendant to a term of 360 months. Mr. Pellot has moved under Fed. R. Crim. P. 41(g) for the return of certain of his property which was seized by federal agents. Specifically, Mr. Pellot requests return of the following: "(1) computer, (2) cell phones, (3) gold ring, (4) wallet, (5) U.S. currency, (6) briefcase, (7) gold chain, (8) gold watch, (9) personal papers, and (10) clothes." Mr. Pellot's motion was served on the Assistant United States Attorney office at 970 Broad Street Newark, NJ by First Class Mail on February 18, 2008. (Certificate of Service of Jose Victor Pellot (Dkt. Entry No. 149).) The government has not filed timely opposition to such motion. See L.Civ.R. 7.1(d)(2).

**LEGAL STANDARD**

Fed. R. Crim. P. Rule 41(g) provides:

a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.[1]

Property seized by the government as part of a criminal investigation "must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." United States v. Albinson, 356 F.3d 278, 280 (3d. Cir. 2004) (citing United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999)). "[A]t the conclusion of a criminal proceeding, the evidentiary

---

[1] Fed. R. Crim. P. 41 was amended in 2002. Fed. R. Crim. P. 41(g) was formerly known as Fed. R. Crim. P. 41(e). See Albinson, 356 F.3d at 279 n. 1.

burden for a Rule 41(g) motion shifts to the government to demonstrate it has a legitimate reason to retain the seized property." <u>Albinson</u>, 356 F.3d at 280 (citing <u>Chambers</u>, 192 F.3d at 377).

**DISCUSSION**

The burden is on the government to produce evidence that there is "a legitimate reason" to retain the Mr. Pellot's property.  <u>See</u> <u>Albinson</u>, 356 F.3d at 280.  There is no evidence that Mr. Pellots's property constitutes contraband or is subject to forfeiture.  The government has not opposed this motion.  Because the government has failed to produce any such evidence, Mr. Pellot's property must be returned.

**CONCLUSION**

For the foregoing reasons, it is on this 30th day of March, 2009,

ORDERED that defendant's property be returned to him or a designated representative.

**s/William H. Walls**
United States Senior District Judge
